HOFF, APPELLANT, *v.* WILSON, SHERIFF, APPELLEE.

[Cite as Hoff *v.* Wilson (1986), 27 Ohio St. 3d 22.]

(No. 86-640—Decided November 26, 1986.)

*Allan Sherry,* for appellant.
*Richard A. Yoss,* prosecuting attorney, for appellee.

*Per Curiam.* The issue presented is whether the time appellant spent on court-ordered work release should be counted as jail time served under the maximum sentence of confinement imposed for his convictions on these misdemeanor offenses. For the reasons which follow, we resolve this issue in appellant's favor and grant the writ of habeas corpus.

The trial court herein exercised its discretion in sentencing appellant to a term of incarceration of eighteen months, the maximum allowed by law. R.C. 2929.41(E)(4). The trial court then, pursuant to R.C. 2929.51(D)(3), modified its sentence by granting appellant work-release privileges. The court made clear that this was not meant to reduce appellant's term of incarceration. Appellant argues, however, that the denial of jail credit for his time spent on work release will force him to serve a sentence beyond the statutory maximum.

The basis of appellant's argument is his contention that he was in the constructive custody of appellee while on work release. A similar argu-

ment was addressed by the Arizona Supreme Court in *Green* v. *Superior Court* (1982), 132 Ariz. 468, 647 P. 2d 166. In *Green*, the petitioner was ordered to serve one year of jail time, but was also allowed work-release and therapy sessions outside the jail facility. The state argued, *inter alia,* that the period of incarceration should be extended because petitioner had spent time outside the jail, and thus had not actually been confined for the number of twenty-four hour days equal to one year. The court rejected the contention that hours spent outside the jail on authorized release were not to be used in computing the period which petitioner spent in confinement, stating at 471:

"* * * While petitioner was 'out' on authorized release, he was in full compliance with the orders and regulations of the court * * *. Therefore, time petitioner spent in the lawful pursuit of activities he was expressly authorized to conduct outside the jail (to which he was required to return at a specified time each day) was part of the 'period actually spent in confinement' * * *."

The Arizona court concluded that any extension of incarceration in that case would have resulted in the actual confinement of petitioner for a period in excess of the statutory maximum.

Likewise, in the instant case, appellant was on court-authorized release specifically to go to work and was required to return to jail at a specified time each day. Appellant fully complied with the court's work-release order. Certainly, he was not free to do as he pleased during the eight hours per day in which he was outside jail walls, but rather was released only so that he could report to his job. Thus, appellant was in constructive custody during the period of daily work release.

Additionally, it is noteworthy that prisoners who are serving sentences for felonies are granted jail time credit for hours spent on work release pursuant to R.C. 2967.26(E) and 2967.27(F). It would be illogical and unfair for this court to then conclude that the same credit should not apply to those such as appellant who are incarcerated for conviction of misdemeanor offenses. The obvious legislative intent in establishing work-release programs and in granting to courts the discretion to provide for such privileges was to allow certain prisoners to retain their employment in order to support themselves and their families. Virtually no prisoner would want to participate in a work-release program if that participation resulted in the addition of significant time to the original sentence. Thus, rather than frustrating legislative intent, this court should, as a matter of public policy, encourage those prisoners for whom it is appropriate to pursue work-release privileges during incarceration for a misdemeanor conviction. We therefore hold that the time a prisoner spends in compliance with court-ordered work release should be counted as jail time served under the sentence of confinement imposed for conviction of a misdemeanor offense or offenses. Because appellant has served his eighteen-month term, including work release, any extension of incarceration in the

instant case would result in an unlawful confinement for a period in excess of the statutory maximum.

For the foregoing reasons, we reverse the judgment of the court of appeals and allow the writ of habeas corpus.

*Judgment reversed
and writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS AND WRIGHT, JJ., concur.