The STATE of Ohio, Appellee,

v.

HINES, Appellant.

[Cite as *State v. Hines* (1999), 131 Ohio App.3d 118.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2–98–11.

Decided Feb. 8, 1999.

---

· *Edwin Pierce,* Auglaize County Prosecuting Attorney, and *Amy Otley Fox,* Assistant Prosecuting Attorney, for appellee.

*Gerald F. Siesel,* Deputy Public Defender, for appellant.

SHAW, Judge.

Defendant-appellant, Jeffrey S. Hines, appeals from the judgment of the Common Pleas Court of Auglaize County issued on a community control sanctions violation case.

The defendant was indicted in January 1997 for eluding and fleeing an officer's signal in violation of R.C. 2921.331(B), a fourth degree felony. He entered a negotiated plea of guilty to the charge. In its judgment entry sentencing the defendant, the trial court imposed the maximum prison term of eighteen months' incarceration. However, the trial court found that the defendant was amenable to community control sanctions. Thus, the execution of defendant's prison sentence was deferred and he was ordered to serve five years of community control sanctions, subject to six special conditions. One of those conditions was that he would serve a six-month split sentence in the Auglaize County Corrections Center. No appeal was taken from this sentence and the defendant actually served ninety days of his split sentence in the Auglaize County Corrections Center.

On January 2, 1998, defendant was notified of alleged violations of the conditions of community control. A hearing was held wherein defendant admit-

ted to violating the conditions because he consumed alcoholic beverages. The trial court found the defendant guilty of violating community control sanctions, determined that the defendant was no longer amenable to such sanctions and imposed the maximum prison sentence of eighteen months. Defendant sought to receive credit for the ninety days of his split sentence he had already served in the county jail. The trial court did not give the defendant credit for the time served.[1]

The defendant now appeals and for his sole assignment of error asserts:

"The trial court committed error to the substantial prejudice of appellant in specifically finding that pursuant to Ohio Revised Code, Section 2929.15(B), the court was not required to award appellant his ninety (90) days of incarceration under a 'split sentence' ordered as a community controlled sanction, but that instead, such credit award was merely a permissive exercise of the court's discretion."

Unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a trial court has the discretion in sentencing an offender for a felony to impose any sanction or combination of sanctions on the offender that are provided in R.C. 2929.14 to 2929.18. R.C. 2929.13(A). In particular, R.C. 2929.15(A)(1) provides that "in sentencing an offender for a felony * * * the court may directly impose a sentence that consists of one or more community control sanctions."

A "community control sanction" is defined by R.C. 2929.01(F) as a sanction that is not a prison term and is described in R.C. 2929.15 (community control), 2929.16 (residential sanctions), 2929.17 (nonresidential sanctions), and 2929.18 (financial sanctions). A residential sanction that may be imposed pursuant to R.C. 2929.16 includes a term of up to six months in a community-based correctional facility or jail. R.C. 2929.16(A)(1), (2). The duration of all community control sanctions imposed upon an offender shall not exceed five years. R.C. 2929.15(A)(1).

■ If an offender violates the conditions of any community control sanction, the sentencing court may impose (1) a longer time under the same sanction (within the five-year limit), (2) a more restrictive sanction, or (3) a prison term within the range of prison terms available for the offense for which the sanction that was violated was imposed but which shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing.[2] R.C.

---

1. The trial court did order that defendant be credited with thirty-nine days for time served in the county jail prior to his plea and awaiting hearing on the violation hearing.

2. R.C. 2929.19(B)(5) requires the court at the sentencing hearing to inform the offender of the specific prison term which may be imposed upon· violation of any community control sanctions.

2929.15(B). Finally, the portion of R.C. 2929.15(B) at issue in this appeal provides that "[t]he court *may* reduce * * * a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed." (Emphasis added.)

In apparent conflict with the discretionary language of R.C. 2929.15(B) quoted above is the mandatory language of R.C. 2967.191,[3] which specifically governs reduction of a prison term for prior confinement and states as follows:

"The adult parole authority *shall* reduce the stated prison term of a prisoner by the total number of days that the prisoner was confined *for any reason arising out of the offense* for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."[4] (Emphasis added.)

■ For a number of reasons, we are persuaded that the mandatory and specific provisions of R.C. 2967.191 should prevail over the apparent discretion afforded in R.C. 2929.15(B) regarding credit for prior confinement in imposing a prison sentence.[5] Foremost among these is the reality that *custodial confinement* is inherently and qualitatively different from any other form of community control sanction and/or "probation." In *State v. Giles* (Mar. 29, 1996), Erie App. No. E–95–047, unreported, 1996 WL 139518, at 1, the Sixth District Court of Appeals recognized that whether a defendant receives credit pursuant to R.C. 2967.191 on an original sentence for time served has traditionally turned upon the type of confinement involved. The court held as follows:

"When a defendant's probation has been conditioned mainly upon his participation and treatment for a certain time period in a rehabilitation facility, the trial

---

**3.** R.C. 2967.191 was amended, effective March 17, 1998, to reference the Ohio Department of Rehabilitation and Correction.

**4.** While the statute speaks of the adult parole authority, it is generally accepted that it is the trial court that makes the determination as to the proper number of days to which the defendant is entitled by law to have credited to his sentence. *State v. Gregory* (1995), 108 Ohio App.3d 264, 266–267, 670 N.E.2d 547, 547–549; *State, ex rel. Corder v. Wilson* (1991), 68 Ohio App.3d 567, 572, 589 N.E.2d 113, 116–117.

**5.** It is well established that specific statutory provisions prevail over conflicting general statutes. See, *e.g.*, *State v. Chippendale* (1990), 52 Ohio St.3d 118, 120, 556 N.E.2d 1134, 1136. Furthermore, R.C. 1.51 states:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

court is not required to credit time served against any sentence originally imposed. *State v. Nagle* (1986), 23 Ohio St.3d 185 [23 OBR 348, 492 N.E.2d 158], syllabus. However, where the defendant was confined, as defined by R.C. 2949.08 [footnote omitted], in a correctional facility, the time served should be credited against his original sentence. *City of Columbus v. Stevens* (May 25, 1995), Franklin App. No. 94APC11–1658, unreported, 1995 WL 318761; *State v. Doughty* (Feb. 24, 1994), Harrison App. No. 462, unreported, 1994 WL 55744. See also *State ex rel. Corder v. Wilson* (1991), 68 Ohio App.3d 567, 569 [589 N.E.2d 113, 114–115] (confinement at community based facility should be credited as time served because defendant was considered in custody); and *Hoff v. Wilson* (1986), 27 Ohio St.3d 22 [27 OBR 440, 500 N.E.2d 1366]."[6]

Although *Giles* was decided just prior to the effective date of R.C. 2929.15, we are nonetheless persuaded that the rationale of the Sixth District in that case is appropriate to the case before us. Accordingly, it is our conclusion that pursuant to the mandates of R.C. 2967.191, the original eighteen-month prison sentence ultimately imposed in this case must be reduced by the ninety days the defendant actually served in the Auglaize County Corrections Center pursuant to the community control sanctions originally ordered by the common pleas court.

In reaching this decision we are also influenced by other concerns arising from the statutory provisions. The most obvious of these is that the language of R.C. 2929.15(B), purporting to give the common pleas court discretion not to credit community control jail time under R.C. 2929.16(A)(1) or (A)(2) against the prison time of the original sentence, could result in the defendant serving three months more overall incarceration than the maximum eighteen-month prison sentence allowable for this offense. Moreover, the potential for incarceration significantly beyond any maximum prison sentence is problematic under the statute. At least six months of additional incarceration is possible under either R.C. 2929.16(A)(1) or (A)(2). However, as noted earlier, R.C. 2929.13(A) allows the court to impose any sanction *or combination of sanctions* available. Inasmuch as sections (A)(1) and (A)(2) of R.C. 2929.16 clearly contemplate at least two distinct forms of local incarceration with separate limits of six months, the question could arise as whether both could eventually be imposed in addition to the maximum prison

---

6. Under R.C. 2949.08(D), a person shall be considered to have been "confined" if the person has been "confined for any period or periods of time totaling more than eight hours during that day." Former R.C. 2967.191, effective July 1, 1983, included "confinement in a community based correctional facility and program or district community based correctional facility and program" in the specific list of time to be credited to a defendant's sentence. These facilities were deleted from two subsequent enactments of the statute, effective on July 1, 1996 and on March 17, 1998. However, inasmuch as the statute has consistently retained the all-encompassing reference to confinement "for any reason arising out of the offense" we are not inclined to assign a determinative relevance to the specific deletions from what is obviously not an exclusive list of examples.

sentence, particularly in view of the court's discretion to reassess and increase sanctions up to the five-year limit pursuant to R.C. 2929.15(B).

Nevertheless, in determining the applicability of the foregoing statutes to the case before us we must draw some careful distinctions. The defendant in this case was directly sentenced to a term of local incarceration as a condition of receiving the community control sanctions. In this instance, R.C. 2929.15(A)(1) makes it clear that the community control sanction of local incarceration is a *sentence* directly imposed by the court *for the original felony.* Hence, the defendant's local incarceration is clearly confinement *for any reason arising out of the offense for which he was convicted and sentenced* within the express parameters of R.C. 2967.191, mandating credit for such confinement. It is also apparent that under these circumstances, failing to credit the defendant with such time and thereby effectively adding it to the original prison sentence could be construed as multiple punishment for the same offense in violation of the Double Jeopardy Clause. See *State v. Gustafson* (1996), 76 Ohio St.3d 425, 432, 668 N.E.2d 435, 441.

In contrast to our case, another defendant could originally be sentenced to a more lenient community control sanction, violate that sanction, and, pursuant to R.C. 2929.15(B), then be given the more restrictive sanction of local incarceration under R.C. 2929.16. However, where the local incarceration is not directly due to the trial court's sentence on the original offense but results from a subsequent violation of a lesser community control sanction, there may be an issue as to whether the local incarceration arose from the original offense or from the community control violation as a separate offense. Statutory and double jeopardy implications may or may not change accordingly. That scenario is not presently before us and we do not address it now.

Similarly, there is no indication in this case that the defendant's time in the county jail was anything other than simple confinement. Presumably, the incarceration of the type involved here could have occurred either in a community based correctional facility pursuant to R.C. 2929.16(A)(1) or other jail pursuant to R.C. 2929.16(A)(2) and our ruling is thus limited to confinement pursuant to those respective sections.[7] In other words, we do not address in this decision the further applicability of certain distinctions in *State v. Giles, supra,* pertaining to "rehabilitative" versus "correctional" or "custodial" purposes that may or may not be relevant to future cases involving other forms of personal restriction, such as halfway houses or alternative residential facilities under R.C. 2929.16(A).

In sum, the defendant's sole assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court for

---

7. See fn. 6, *supra,* setting forth the statutory definition of "confined" under R.C. 2949.08.

resentencing with instructions to credit the additional ninety days served in the Auglaize County Corrections Center to the defendant's original prison sentence.

*Judgment reversed.*

THOMAS F. BRYANT, P.J., and EVANS, J., concur.