OPINION
Defendant-appellant, Michael Kirkland, appeals from a final judgment of the Franklin County Court of Common Pleas sentencing him to two concurrent eighteen month prison terms on two counts of forgery.
On October 18, 1996, a jury found defendant guilty of one count of insurance fraud and two counts of forgery. On December 12, 1996, the trial court sentenced defendant to two years on the insurance fraud conviction, and two, concurrent eighteen month sentences on the forgery convictions.
On July 1, 1997, defendant appealed his convictions to this court. On July 24, 1997, defendant was granted bond pending his appeal. By the time of his release on appeal bond, defendant had served two hundred twenty-six days in jail. On April 9, 1998, this court reversed defendant's conviction for insurance fraud on the grounds that it was not supported by sufficient evidence. State v. Kirkland (Apr. 9, 1998), Franklin App. No. 97APA07-873, unreported (1998 Opinions 1063). At a hearing on April 30, 1998, the trial court revoked defendant's appeal bond, but granted him work release so that he could maintain health insurance coverage for his wife who was undergoing chemotherapy.
Defendant subsequently filed a memorandum in support of jurisdiction in the Ohio Supreme Court. At a May 14, 1998 hearing, the trial court granted defendant a new bond pending his appeal to the Supreme Court. The trial court also permitted defendant to continue in work release until he posted the new bond. Defendant was never able to post bond and consequently remained incarcerated but on work release while his memorandum in support of jurisdiction was pending in the Supreme Court. On July 15, 1998, the Ohio Supreme Court declined to hear defendant's appeal.
At a hearing on July 29, 1998, the trial court indicated that since defendant had exhausted his appeals he would have to begin serving the balance of his eighteen month sentence on the two forgery counts. The court further stated that it did not intend to grant defendant jail time credit for any of the time in which he was incarcerated but on work release. Thereafter, defendant remained incarcerated but on work release until September 14, 1998, when the trial court filed an entry ordering him to serve the balance of his concurrent eighteen month sentences for forgery. This entry ended defendant's participation in the work release program.
On October 8, 1998, the trial court filed an entry granting defendant two hundred forty-nine days jail time credit: two hundred twenty-six days for the period from the time of his arrest until his July 24, 1997 release on appeal bond, and twenty-three days for the period since the trial court's September 14, 1998 entry. However, the trial court expressly refused to grant defendant jail time credit for the period from April 30, 1998, to September 14, 1998, during which he was incarcerated but was on work release.
On October 13, 1998, defendant perfected the instant appeal from the trial court's October 8, 1998 entry. Despite this fact, defendant's brief indicates that defendant is appealing from an entry filed by the trial court on November 2, 1998. Specifically, defendant asserts that the trial court filed an entry on November 2, 1998, in which it granted defendant jail time credit for the period from April 30, 1998, through May 14, 1998, and the period from July 29, 1998, through September 14, 1998, but not for the period from May 14, 1998, through July 29, 1998. Unfortunately, the purported entry of November 2, 1998 is not in the record before this court.[1] Further, even if the November 2, 1998 entry was in the record, we could not review it, as defendant has never perfected an appeal from the entry.
However, in addressing defendant's appeal from the trial court's entry of October 8, 1998, we may accept defendant's representation that the trial court has granted him jail time credit for the period from April 30, 1998, through May 14, 1998, and the period from July 29, 1998, through September 14, 1998. Thus, only the period from May 14, 1998, through July 29, 1998, remains in dispute; the same period which would be at issue if defendant had properly appealed from the trial court's purported entry of November 2, 1998.
Defendant's sole assignment of error provides as follows:
 The trial court erred in denying Appellant credit for time served for the period he was incarcerated and participating in the work release program.
Preliminarily, the state argues that because defendant completed his sentence on December 1, 1998, the issue of whether defendant should have been granted jail time credit for the period from May 14, 1998, through July 29, 1998, is moot.
In State v. Golston (1994), 71 Ohio St.3d 224, syllabus, the Ohio Supreme Court held that "[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her. Therefore, an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal." In the present case, although defendant challenges only his sentence, defendant is appealing from a judgment of conviction for felony forgery.[2] Accordingly, defendant's appeal is not moot. See City of Parma v. Melinis (June 25, 1998), Cuyahoga App. No. 73483, unreported (appeal from one hundred eighty day jail sentence imposed for a probation violation is not moot, where the underlying crime was a felony).
We now turn to defendant's claim that he was entitled to jail time credit for the period from May 14, 1998, through July 29, 1998, during which he was incarcerated but on work release.
In Hoff v. Wilson (1986), 27 Ohio St.3d 22, 24, the Ohio Supreme Court held that the defendant was required to receive jail time credit for the time he was free on work release. The trial court had refused to grant the defendant jail time credit for the actual time he was away from the jail on work release. In reversing this decision, the Supreme Court recognized that the defendant was "not free to do as he pleased," but was in "constructive custody" even during the eight hours each day when he was at work. Id. at 24.
In the present case, the trial court has not merely refused to recognize the actual hours defendant spent at work between May 14, 1998, and July 29, 1998, but has refused to grant defendant jail time credit for the entire period. In so doing the trial court claimed that it had granted defendant work release during the period in question as "a condition of bond." Precisely what the trial court meant by this is not clear. However, the transcript of the May 14, 1998 hearing, at which the trial court granted defendant bond pending his appeal to the Supreme Court, reveals that the trial court permitted defendant to continue on work release until he was able to post bond. This contradicts the trial court's later claim that defendant's work release was a "condition of bond." In any event, it is clear under the Supreme Court's holding in Hoff, that defendant is entitled to jail time credit for all periods during which he was incarcerated but participating in the work release program.
Defendant's assignment of error is sustained and the judgment of the trial court is reversed and this matter remanded for further proceedings in accordance herewith.
Judgment reversed and case remanded.
PETREE and KENNEDY, JJ., concur.
YOUNG, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Papers filed in the trial court after a notice of appeal has been filed will not be transmitted to the appellate court without a party filing a motion to supplement the record. Defendant has never filed such a motion.
[2] A judgment of conviction is generally understood to consist of both a verdict or finding of guilt and the sentence subsequently imposed. See State v. McGuire (1997), 80 Ohio St.3d 390,399; State v. Henderson (1979), 58 Ohio St.2d 171,178.