This original action in habeas corpus is presently before this court for consideration of the motion to dismiss of respondent, John Kinkella, Chief of the Ohio Adult Parole Authority. As the primary basis for his motion, respondent Kinkella maintains that the petition in this action fails to state a viable claim because the allegations of petitioner, Matthew M. Schrock, support the conclusion that he is not entitled to be released from prison immediately. For the following reasons, we conclude that the motion to dismiss has merit.
Petitioner is presently incarcerated in the Lake Erie Correctional Institution, having previously been convicted of felonious assault in the Summit County Court of Common Pleas. In bringing the instant action, petitioner alleges that his incarceration is improper because the adult parole authority has incorrectly labeled him as a "category 10" inmate who must serve approximately one hundred fifty months of his sentence before he can be eligible for parole. He further alleges that the adult parole authority's determination was wrong because the authority considered improper evidence in making its decision.
After reviewing all of the allegations contained in the petition, this court holds that it is not necessary for us to address the merits of the "category" issue. This is because, even if petitioner is correct that the adult parole authority considered improper evidence in determining his categorization, his own allegations indicate that he is not entitled to be released immediately.
According to the habeas corpus petition, petitioner's conviction for felonious assault was issued in February 1995. After serving six months of his sentence, petitioner was granted "super shock" probation in September 1995. Over the next twenty-six months, petitioner remained free on probation. Then, in December 1997, the Summit County Court issued a judgment revoking petitioner's probation on the basis that he had violated the conditions of his community control. Since that time, he has remained incarcerated in a state penitentiary.
Petitioner further asserts in his petition that, pursuant to the "guidelines" followed by the adult parole authority, he should have been characterized as a category 7 inmate, and that such an inmate is required to serve only sixty to eighty-four months before he can be subject to parole. Based upon this, petitioner contends that he is entitled to be released at this time because he has already "served" more than sixty months of his sentence.
However, in attempting to calculate the amount of time he has served, petitioner has given himself credit for the twenty-six months in which he was free on super shock probation. As a general proposition, an inmate in a state penitentiary can only receive credit for the time in which he is confined. R.C. 2967.191; State v. Hines (1999), 131 Ohio App.3d 118,121-122. Given that petitioner was not "confined" during the period in which he was on probation, it follows that he cannot be given credit for that period in determining the amount of his time served.
If petitioner is not given credit for the twenty-six months of probation, then the allegations in his petition support the conclusion that he has only served approximately forty-eight months of his sentence. In turn, it follows that, even if petitioner should have been characterized as a category 7 inmate, he has not served sufficient time to warrant his consideration for parole. Again, under petitioner's own allegations, he would not be eligible for parole consideration until he has served sixty months.
In reviewing habeas corpus claims, the Supreme Court of Ohio has consistently held that such a writ will only lie when the petitioner is entitled to be released immediately from incarceration. Pewitt v. LorainCorrectional Inst. (1992), 64 Ohio St.3d 470, 472. Accordingly, the instant petition is subject to dismissal because the issue which forms the basis of the habeas corpus claim is not ripe for determination at this time.
As an aside, this court would note that the second respondent in this action, Warden Richard Gansheimer, has not filed a motion to dismiss in this matter. However, the foregoing analysis also supports the dismissal of the claim as to respondent Gansheimer. Thus, pursuant to R.C. 2725.05, the claim is subject to dismissal sua sponte.
Consistent with the foregoing discussion, respondent Kinkella's motion to dismiss is granted. It is the order of this court that petitioner's habeas corpus petition is hereby dismissed as to respondent Kinkella. It is the further order of this court that the habeas corpus petition is dismissed as to respondent Gansheimer sua sponte.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
JUDGE ROBERT A. NADER, JUDGE DIANE V. GRENDELL.