{¶ 1} I agree with the majority that the trial court's judgment should be affirmed because the judgment is silent as to the imposition of a jail sentence.
 {¶ 2} But I am reluctant to concur at this time with the holding of the majority that, pursuant to R.C. 2949.08(C)(1), Tolar would have been automatically entitled to credit for the nine months he had previously served under his vacated prison term received when the trial court subsequently imposed a six-month jail sentence as a residential sanction under R.C. 2929.16(A)(1). The problem, as I see it, is a conflict between the mandatory language of R.C. 2949.08(C)(1), cited by the majority, and the discretionary language in R.C. 2929.15(B). R.C.2929.15(B) specifically addresses community-control sanctions and provides, "The court may reduce the longer period of time that the offender is required to spend under the longer sanction, the more restrictive sanction, or a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed." (Emphasis supplied.) This language would appear to invest the trial court with discretion to decide whether to reduce the longer period of time the violator is required to spend under a longer sanction by granting credit for any earlier time served.
 {¶ 3} This apparent conflict has arisen more often in an analogous context involving R.C. 2967.191 and the question of credit for local time served at a community-based correctional facility. Most appellate courts have concluded that the language "confined for any reason arising out of the offense" in R.C. 2967.191, which is identical to that in R.C.2949.08(C)(1), takes precedence over the discretionary language in R.C.2929.15(B) and mandates that the time served by a violator at a community-based correctional facility as a residential sanction be credited toward a reduction of his sentence.[16] These courts do, however, make clear the conflict between the statutes.
 {¶ 4} It is likely that a violator would be entitled, as held by the majority, to a reduction of local jail time for a violation of a community-control sanction based on credit for a prison term served under a vacated sentence for the same offense. Conflicting statutes that define penalties must be strictly construed against the state and liberally construed in favor of the accused under R.C. 2901.04(A). Also, simple fairness would seem to dictate this result. But until we have before us a record that demonstrates this error and affords an opportunity to give this issue its due consideration, I elect to refrain from joining the majority's analysis and thus concur in judgment only.
[16] State v. Brody (Feb. 9, 2001), 11th Dist. No. 2000-L-018; Statev. Hines (1999), 131 Ohio App.3d 118, 121, 721 N.E.2d 1093. But, see,State v. Dunaway, 12th Dist. No. CA2001-04-048, 2002-Ohio-2316.