[Cite as *State v. Farner*, 2012-Ohio-317.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

      Plaintiff-Appellee

-vs-

KIMBERLY A. FARNER

      Defendant-Appellant

JUDGES:
   Hon. Patricia A. Delaney, P. J.
   Hon. W. Scott Gwin, J.
   Hon. William B. Hoffman, J.


Case No. 2011-COA-025


O P I N I O N


| CHARACTER OF PROCEEDING: | Criminal appeal from the Ashland County Court of Common Pleas, Case No. 09-CRI-131 |
|---|---|
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | January 30, 2012 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| RAMONA FRANCESCONI-ROGERS<br>Ashland County Prosecutor's Office<br>307 Orange Street<br>Ashland, OH 44805 | TIMOTHY E. POTTS<br>GOOD & POTTS, LLC<br>10 East Main Street<br>Ashland, OH 44805 |

*Gwin, P.J.*

{1}     On February 4, 2010, appellant, Kimberly A. Farner, entered a plea of guilty to a Bill of Information charging her with receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fifth degree.

{2}     On March 22, 2010, the Court sentenced appellant to the following: (1) incarceration in the Ashland County Jail for a period of up to one hundred eighty (180) days, with ninety (90) days of that sentence being suspended on condition that appellant complied with all terms and conditions of her supervision and orders of the Court; (2) probation supervision through the Adult Parole Authority for a period of two (2) years; (3) eighty (80) hours of community service; (4) various drug and alcohol sanctions; and (5) various financial sanctions. [Judgment Entry- Sentencing filed April 12, 2010]. The trial court reserved a twelve-month prison sentence should appellant be found to have violated conditions of her sentencing. [Id.]

{3}     After serving ninety (90) days in the Ashland County Jail, appellant was released. However, on December 17, 2010 the State filed an Alleged Community Control Violation(s) Complaint against appellant. After a hearing, the court found appellant violated her community control and ordered that a sanctioning hearing be conducted on February 7, 2011.

{4}     At the February 7, 2011 sanctioning hearing, the Court found that appellant was amenable to the continuance of community control sanctions, and ordered that appellant remain on community control based on the following additional terms, conditions, and sanctions: (1) that appellant serve one (1) day in the Ashland County Jail; (2) that appellant complete the Transformation Life Skills programs and be

financially responsible for the costs and (3) that appellant's supervision level be increased to intensive for a period of three (3) months, with periodic probation review hearings. [Judgment Entry Sanctioning Community Control Violation, filed February 8, 2011.]

{5} On March 18, 2011 and April 5, 2011, the state filed motions to revoke appellant's community control sanctions citing a variety of alleged violations of conditions. The state subsequently moved the Court to revoke appellant's bond; the Court granted the state's motion and ordered appellant's bond revoked. The Court ordered that appellant be held without bond and that an evidentiary hearing be conducted on June 6, 2011.

{6} At the June 6, 2011 evidentiary hearing, appellant stipulated that she had violated the conditions of his community control. The Court accepted appellant's admission and pleas of guilty and found her to be in violation of the terms and conditions of her community control. [Judgment Entry filed June 8, 2011.] The Court further ordered that a sanctioning hearing on the community control violations be conducted on June 20, 2011.

{7} At the June 20, 2011 sanctioning hearing, the trial court revoked appellant's community control and imposed the balance of appellant's sentence. The Court granted appellant credit for eighty-three (83) days of local jail time, and credit for one (1) day for each day served subsequent to the date of sentencing starting June 20, 2011 while awaiting transfer to the receiving institution; however, the Court did not credit appellant for the ninety (90) days she had previously served in jail in 2010.

{8} Appellant has timely appealed raising as her sole assignment of error:

**{9}** "I. THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, ERRED BY NOT CORRECTLY CALCULATING DEFENDANT'S/APPELLANT'S JAIL TIME CREDIT IN ACCORDANCE WITH OHIO REVISED CODE SECTION 2967.191, THEREFORE, IN VIOLATION OF DEFENDANT'S/APPELLANT'S FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION OF THE LAWS."

I.

**{10}** Appellant argues that the trial court erred by not granting her credit for the ninety days of jail time that the trail court imposed at the originally sentencing hearing conducted March 22, 2010. We agree.

**{11}** Unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a trial court has the discretion in sentencing an offender for a felony to impose any sanction or combination of sanctions on the offender that are provided in R.C. 2929.14 to 2929.18. R.C. 2929.13(A). In particular, R.C. 2929.15(A)(1) provides that "in sentencing an offender for a felony * * * the court may directly impose a sentence that consists of one or more community control sanctions."

**{12}** A "community control sanction" is defined by R.C. 2929.01(E) as a sanction that is not a prison term and is described in R.C. 2929.15 (community control), 2929.16 (residential sanctions), 2929.17 (nonresidential sanctions), and 2929.18 (financial sanctions). A residential sanction that may be imposed pursuant to R.C. 2929.16 includes a term of up to six months in a community-based correctional facility or jail. R.C. 2929.16(A)(1), (2). The duration of all community control sanctions imposed upon an offender shall not exceed five years. R.C. 2929.15(A)(1).

**{13}** If an offender violates the conditions of any community control sanction, the sentencing court may impose (1) a longer time under the same sanction (within the five-year limit), (2) a more restrictive sanction, or (3) a prison term within the range of prison terms available for the offense for which the sanction that was violated was imposed but which shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing. R.C. 2929.15(B). Finally, the portion of R.C. 2929.15(B) at issue in this appeal provides that "[t]he court *may* reduce * * * a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed." (Emphasis added.) The State argues that this provision makes credit for time served in jail discretionary where it is imposed as a community control sanction.

**{14}** Appellant argues that R.C. 2967.191 governs the reduction of a prison term for prior confinement and contains certain mandatory language:

**{15}** "The department of rehabilitation and correction *shall* reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was *confined for any reason arising out of the offense* for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." (Emphasis added.)

**{16}** We further note, that R.C. 2949.08(C) states, in relevant part,

**{17}** "(2) If the person is sentenced to a community-based correctional facility for a felony, the total amount of time that a person shall be confined in a community-based correctional facility, in a jail, and for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper shall not exceed the maximum prison term available for that offense…"

**{18}** [W]here, for whatever reason, a defendant remains in jail prior to his trial, he must be given credit on the statutorily fixed sentence ultimately imposed for all periods of actual confinement." *White v. Gilligan*, 351 F.Supp. 1012, 1014 (S.D. Ohio 1972). The requirement enforces the Fourteenth Amendment right to equal protection of the law. *Workman v. Cardwell*, 338 F.Supp. 893 (N.D. Ohio 1972). See, *State v. Coyle,* 2nd Dist. No. 23450, 2010-Ohio-2130, 2010 WL 1931987, ¶ 5; R.C. 2967.191.

**{19}** "Although the [department of rehabilitation and correction] has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with the jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Authority*, 98 Ohio St. 3d 476, 786 N.E. 2d 1286, 2003-Ohio-2061, at ¶ 7. Furthermore, any error in the determination the court makes "may be raised by way of a direct appeal of his criminal case." Id., at ¶ 10, 786 N.E. 2d 1286, citing *State ex rel. Jones v. O'Connor* (1999), 84 Ohio St.3d 426, 704 N.E.2d 1223. *Accord State v. Coyle,* at ¶7.

**{20}** With respect to the alleged conflict between R.C. 2929.15(B) and R.C. 2967.191, various Ohio appellate courts have held that R.C. 2929.15(B) does not affect

the mandatory requirement that credit be given for all time served in confinement. *State v. Hines* (1999), 131 Ohio App.3d 118, 121-124, 721 N.E.2d 1093 (3rd Dist. 1999); *State v. Fair*, 136 Ohio App.3d 184, 188-189, 2000-Ohio-1614, 736 N.E.2d 82 (3rd Dist.); *State v. Kerry*, 7th Dist. No. 00 BA 20, 2001-Ohio-3324, 2001 WL 84452; *State v. Brody,* 11th Dist. No. 2000-L-018, 2001 WL 114978( Feb 9, 2001); *State v. Bay*, 145 Ohio App.3d 402, 763 N.E.2d 218 (12th Dist. 2001); *State v. Corbin*, 131 Ohio App.3d 239, 245, 722 N.E.2d 154 (3rd Dist 1999). "We read R.C.2929.15, as amended effective July 1, 1996 to change the law in Ohio regarding how a court proceeds if it finds an accused has violated the conditions of the community control sanction. It does not modify the right to credit for time served." *State v. Peters*, 5th Dist. Nos. 98-CA-00118, 98-CA-00119, 1999 WL 333196(May 13, 1999). *Accord State v. Rice*, 5th Dist. No. 99CA0019, 1999 WL 557681(July 2, 1999).

{21} In the case at bar, appellant was directly sentenced to a term of local incarceration as a condition of receiving the community control sanctions. "In this instance, R.C. 2929.15(A)(1) makes it clear that the community control sanction of local incarceration is a *sentence* directly imposed by the court *for the original felony.* Hence, the defendant's local incarceration is clearly confinement for any reason arising out of the offense for which he was convicted and sentenced within the express parameters of R.C. 2967.191, mandating credit for such confinement. It is also apparent that under these circumstances, failing to credit the defendant with such time and thereby effectively adding it to the original prison sentence could be construed as multiple punishment for the same offense in violation of the Double Jeopardy Clause. See *State*

*v. Gustafson* (1996), 76 Ohio St.3d 425, 432, 668 N.E.2d 435, 441" *Hines* at 123. (Emphasis sic.)

**{22}** "In contrast to our case, another defendant could originally be sentenced to a more lenient community control sanction, violate that sanction, and, pursuant to R.C. 2929.15(B), then be given the more restrictive sanction of local incarceration under R.C. 2929.16. However, where the local incarceration is not directly due to the trial court's sentence on the original offense but results from a subsequent violation of a lesser community control sanction, there may be an issue as to whether the local incarceration arose from the original offense or from the community control violation as a separate offense. Statutory and double jeopardy implications may or may not change accordingly. That scenario is not presently before us and we do not address it now." *Hines* at 123.

**{23}** In sum, appellant's sole assignment of error is sustained.

**{24}** The judgment of the trial court is reversed and the cause is remanded to the trial court to modify appellant's sentence consistent with this opinion.

By Gwin, J.,

Delaney, P.J., and

Hoffman, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAMS B. HOFFMAN

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
            Plaintiff-Appellee         :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
KIMBERLY A. FARNER                     :
                                       :
                                       :
            Defendant-Appellant        :        CASE NO. 2011-COA-025


        For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the trial court is reversed and the cause is remanded to the trial court to modify

appellant's sentence consistent with this opinion.  Costs to appellee.



                                       _____
                                       HON. W. SCOTT GWIN


                                       _____
                                       HON. PATRICIA A. DELANEY


                                       _____
                                       HON. WILLIAMS B. HOFFMAN