The STATE of Ohio, Appellee,

v.

FAIR, Appellant.

[Cite as *State v. Fair* (2000), 136 Ohio App.3d 184.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2–99–29.

Decided Jan. 28, 2000.

*S. Mark Weller,* Public Defender, for appellant.

*Edwin A. Pierce,* Prosecuting Attorney, for appellee.

WALTERS, Judge.

Appellant, Donald E. Fair, appeals a judgment of the Court of Common Pleas of Auglaize County, denying him credit for time served in the W.O.R.T.H Center. For the reasons that follow, we reverse the decision of the trial court.

On January 5, 1998, Appellant pled guilty to one count of possession of drugs in violation of R.C. 2925.11(A), (C)(4)(a), a felony of the fifth degree. On February 19, 1998, after considering R.C. 2929.11 and 2929.12, the trial court found that appellant was amenable to community control sanctions and sentenced appellant to five years of community control sanctions, including an order that he success-fully complete the W.O.R.T.H. Center program.

Thereafter, the Auglaize County Sheriff delivered appellant to the W.O.R.T.H. Center on February 20, 1998. On August 26, 1998, appellant was unsuccessfully terminated from the W.O.R.T.H. Center, and on September 29, 1998, appellant admitted to violating the terms of his community control sanctions. As a result, the trial court resentenced appellant to five years of community control sanctions, including an order to participate in the Pathfinder House program.

On February 1, 1999, appellant admitted to violating the terms of his community control sanctions for the second time after testing positive for the presence of alcohol on December 6, 1998. As a result, the trial court again sentenced

appellant to five years of community control sanctions; this time, including an order to serve six months of incarceration in the Auglaize County Correction Center. Subsequently, the trial court suspended appellant's six-month jail sentence, and ordered him to complete the B.O.O.S.T. program.

On August 25, 1999, appellant once more admitted to violating the terms of his community control sanctions after testing positive for the presence of alcohol on August 16, 1999. As a result, the trial court determined that appellant was no longer amenable to community control sanctions, and sentenced appellant to a twelve-month prison sentence pursuant to R.C. 2925.11(A),(C)(4)(a). The trial court granted appellant two hundred forty-eight days jail time credit. However, the trial court refused to grant appellant any credit for time served in the W.O.R.T.H. Center.

Appellant now appeals the judgment of the trial court, assigning one error for our review.

"The trial court erred in not granting the Defendant–Appellant jail time credit for his confinement in the W.O.R.T.H. Center Program, a community based correctional facility."

The authority to impose a sentence consisting of one or more community control sanctions is found in R.C. 2929.15. A community control sanction is defined as a sanction that is not a prison term and that is described in R.C. 2929.15, 2929.16, 2929.17, or 2929.18. R.C. 2929.01(F). Pursuant to R.C. 2929.15(B), a violation of the terms of a community control sanction affords the trial court with three alternatives. The court may (1) impose a longer time under the same sanction, subject to the five-year total limitation of R.C. 2929.14(A), (2) impose a more restrictive sanction under R.C. 2929.16, 2929.17, or 2929.18, or (3) impose a prison term on the offender pursuant to R.C. 2929.14, not to exceed the prison term reserved at the sentencing hearing.

■ Appellant claims that when the trial court imposed the twelve-month prison sentence pursuant to R.C. 2929.15(B), it erred in failing to grant jail-time credit for time served in the W.O.R.T.H. Center. Consequently, we are asked to determine whether time served in the W.O.R.T.H. Center, which both parties concede is a community-based correctional facility, constitutes confinement pursuant to R.C. 2967.191.

This court was recently faced with the issue of granting jail-time credit in *State v. Hines* (1999), 131 Ohio App.3d 118, 721 N.E.2d 1093. In *Hines,* we held that the defendant was entitled to jail-time credit when the trial court imposed a prison sentence for violation of community control sanctions. In that decision, we followed the rationale in *State v. Giles* (Mar. 29, 1996), Erie App. No. E–95–047, unreported, 1996 WL 139518, in which the Sixth District reasoned that whether a

defendant receives jail-time credit pursuant to R.C. 2967.191 depends on the nature of the confinement involved.

In *Hines,* we stated that there is an apparent, perceived conflict between the discretionary language of R.C. 2929.15(B) and R.C. 2967.191. R.C. 2967.191 states:

"The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."

R.C. 2929.15(B) states:

"The court may reduce the longer period of time that the offender is required to spend under the longer sanction, the more restrictive sanction, or a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed."

■ To clarify our previously stated position, we must point out that the statutes do not conflict with each other but, rather, work together. R.C. 2929.15(B) provides that if there has been a community control violation, and the trial court imposes a longer sanction, a more restrictive sanction, or a prison term, the court may, in its discretion, grant additional credit for time that the offender successfully spent under the original sanction. This provision, contrary to prior law, allows the trial court to grant credit in excess of time served in confinement; however, it does not affect the mandatory requirement that credit still must be granted for all time served in confinement. As it was prior to the enactment of R.C. 2929.15(B), time served by an offender in confinement is required to be credited against a subsequent prison term. R.C. 2967.191; *Bearden v. Georgia* (1983), 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221.

Our decision to award credit in *Hines* was not difficult, due to the fact that the defendant was serving time in the county jail. We stated that there was no indication that the defendant's time served in the county jail "was anything other than simple confinement." *Hines,* 131 Ohio App.3d at 123, 721 N.E.2d at 1097. The result in *Hines* was consistent with the Supreme Court's analysis in *State v. Nagle* (1986), 23 Ohio St.3d 185, 23 OBR 348, 492 N.E.2d 158, which makes it clear that in determining whether time served in any type of rehabilitation facility must be credited towards a defendant's subsequent sentence of imprisonment, the

court is required to determine whether the time served constituted confinement. In *Hines,* however, because the issue was not before us, we did not address whether time served in a community-based correctional facility constitutes confinement pursuant to R.C. 2967.191.

Although another issue was also not directly before us at the time, we suggested in *Hines* that a distinction may exist under the mandates of R.C. 2967.191 between those offenders who were ordered to serve confinement as part of the court's sentence on the original offense and those who were sentenced to confinement as part of a more restrictive sanction imposed upon a violation of the original, lesser community control sanction. This suggestion was based upon the language contained in R.C. 2967.191, which requires that the court grant credit for confinement "arising out of the offense for which the prisoner was convicted and sentenced."

 While the issue is, again, not directly before us, we suggest that, regardless of whether the confinement is ordered as part of the original sentence or sometime thereafter upon the imposition of a more restrictive community control sanction, the confinement will be deemed to have "[arisen] out of the offense for which the prisoner was convicted and sentenced." As we have previously stated, the crux of the issue is whether the offender was confined, not the date of the confinement in relation to the date of the original sentence. Thus, until the legislature amends R.C. 2967.191, we cannot conclude otherwise. Based upon this analysis, we find that the trial court properly granted credit for the time appellant served in the Auglaize County Correction Center even though that time was imposed as part of a more restrictive sanction upon a violation of the original community control sentence.

 With that stated, we move on to address the issue that is presently before the court. Initially, we reiterate that R.C. 2967.191 provides that the department of rehabilitation and correction must grant jail time credit for the total number of days that a prisoner was confined for any reason, and that while the Adult Parole Authority has the duty to grant such credit, the trial court has the duty to properly calculate the number of days to be credited. *State v. Gregory* (1995), 108 Ohio App.3d 264, 670 N.E.2d 547.

R.C. 2967.191 was amended, effective July 1, 1996. Prior to this amendment, the statute specifically required that jail time credit be granted for time served in community-based correctional facilities; however, the current version of the statute no longer specifically mentions community-based correctional facilities.

The issue before us is identical to that before the Fifth District Court of Appeals in *State v. Peters* (May 13, 1999), Licking App. Nos. 98–CA–00118, 98–CA–00119, unreported, 1999 WL 333196, where the court had to decide whether a

defendant should receive credit for time served in a community-based correctional facility. In *Peters,* the Fifth District stated that R.C. 2929.15(B) does not operate to preclude or modify credit for time served. The court further considered the issue in light of the Constitutional prohibition against double jeopardy. In *U.S. v. Benz* (1931), 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354, the United States Supreme Court held that a trial court might reduce a sentence that a prisoner has not fully served, but may not increase it. They found that to increase a penalty after sentencing (such as by not crediting for time served) violates the Fifth Amendment. The *Peters* court then held, as we did in *Hines,* that the test is whether the accused was confined while in the community-based correctional facility.

R.C. 2301.52 sets forth the minimum requirements for community-based correctional facilities, stating:

"Each proposal for a community-based correctional facility and program or a district community-based correctional facility and program shall provide for or contain at least the following:

"(A) The designation of a physical facility that will be used for the confinement of persons sentenced to the facility and program by a court pursuant to section 2929.16 or 2929.17 of the Revised Code or persons otherwise committed or admitted pursuant to law to the facility and program. The designate facility shall satisfy all of the following:

"(1) Be a secure facility that contains lockups and other measures sufficient to ensure the safety of the surrounding community."

Additionally, Ohio Adm. Code Chapter 5120:1–14–01 states:

"(F) Community-based correctional facility (CBCF): A 'community-based correctional facility' is a secure facility used to confine persons committed or referred by the court or courts which conforms to minimum CBCF standards of Ohio, provides twenty-four-hour living accommodations for not less than fifty or more than two-hundred offenders, and provides treatment programming."

It is undisputed herein that the W.O.R.T.H. Center is a community-based correctional facility. Consequently, by definition in the aforementioned statutes, time served at the W.O.R.T.H. Center must be confinement. Therefore, because the W.O.R.T.H. Center is a community-based correctional facility, we hold, as a matter of law, that time served in the W.O.R.T.H. Center constitutes confinement pursuant to R.C. 2967.191. As a result, trial courts must grant credit for time served in any such facility when subsequently sentencing offenders to prison pursuant to R.C. 2929.15(B).

Accordingly, appellant's assignment of error is well taken and is therefore sustained.

Having found error prejudicial to the appellant herein in the particulars assigned and argued, we hereby reverse the judgment of the trial court and remand the matter for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

SHAW and THOMAS F. BRYANT, JJ., concur.