OPINION
Defendant-appellant Peter Erlandsen ("Erlandsen") brings this appeal from the judgment of the Court of Common Pleas of Allen County granting him credit for zero days in custody.
On January 29, 2001, Erlandsen was arraigned on a charge of passing bad checks. On February 1, 2001, Erlandsen withdrew his not guilty plea and entered a plea of guilty. A sentencing hearing was held on March 14, 2001. Erlandsen was sentenced to 11 months in prison. The trial court did not grant credit for the time spent in custody. Erlandsen then moved the trial court to grant jail time credit, but this was denied by the trial court on November 8, 2001. It is from this judgment that Erlandsen appeals.
Erlandsen raises the following assignment of error.
 The trial court erred in failing to properly calculate the number of days of jail time credit due [Erlandsen] for time spent in jail awaiting trial and commitment which arose out of the offense for which [Erlandsen] was convicted and sentenced.
R.C. 2967.191 addresses the issue of reduction of prison term for related days of confinement.
 The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * * and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
R.C. 2967.191. Credit must be granted for all time served in confinement. State v. Fair (2000), 136 Ohio App.3d 184, 736 N.E.2d 82. Although the statute requires the Department of Rehabilitation and Correction to reduce the sentence, the trial court has the duty to properly calculate the number of days to be credited. Id.
In this case, the State concedes that Erlandsen was confined before arriving at prison. The State also concedes that Erlandsen is entitled to credit for this time. The only remaining question is the amount of credit to which Erlandsen is entitled. This is a question of fact for the trial court to determine. The assignment of error is sustained.
The judgment of the Court of Common Pleas of Allen County is reversed and the matter is remanded for calculation of time served.
Judgment reversed and cause remanded.
HADLEY and WALTERS, JJ., concur.