OPINION
This is an appeal from the judgment of the Crawford County Common Pleas Court which granted Defendant-appellant, Derek Bocan (Bocan), 74 days of jail time credit.
On April 14, 1999, Bocan was arrested for receiving stolen property in violation of R.C. 2913.51. On July 27, 1999, Bocan pled guilty to the charge and on August 2, 1999, the trial court sentenced Bocan to twelve months in prison with credit for two days previously spent in jail. On that same day, Bocan was transported to Lorain Correctional Institution to begin serving his sentence. On September 8, 1999, Bocan filed a motion for Judicial Release and on September 20, 1999, Bocan's motion was granted.[1] Bocan was released from prison, however, the trial court placed him on three years of community control.
On July 9, 2001, Bocan's probation officer filed a motion to revoke his community control based on probation violations. Bocan was arrested on July 9, 2001 and held in the county jail until a hearing was held on September 10, 2001. At the hearing, the trial court revoked Bocan's probation and sentenced him to twelve months in prison. The trial court found that Bocan should be given credit for 65 days for time served and any future custody days while awaiting transport. On September 10, 2001 Bocan was taken to the Crawford County jail to await transport to the Lorain Correctional facility. Bocan was transferred to the Lorain Correctional Institution on September 13, 2001. On January 18, 2002, Bocan filed a Motion for Jail Time Credit in the trial court and on January 23, 2002, the state filed a reply to Bocan's motion stating,
 "The State of Ohio objects to and opposes the granting of said Motion and requests that it be denied. In checking with the sheriff's department, it was found that defendant shall be given credit for the time from July 27, 1999 to August 2, 1999 and from July 9, 2001 to September 13, 2001 for a total of 73 days."
On January 29, 2002, the trial court filed a judgment entry which stated that Bocan "should be given credit for74 days served in thiscounty for time served while waiting conviction or transport as detailedbelow.
 "7-27-99 — 8-02-99 7 days "7-09-01 — 9-13-01 67 days
On February 8, 2002, Bocan filed a Motion for Reconsideration of Decision Regarding Jail Time Credit Motion and on February 27, 2002, Bocan filed his timely notice of appeal of the January 29, 2002 judgment entry asserting the following assignment of error,
 The trial court erred in calculation of the days the defendant was incarcerated and thereby failed to convey to the Ohio Department of Rehabilitation and correction the total of jail-time credit days the defendant was due pursuant to Ohio Revised Code § 2967.191 and therefore is in violation of the due process clause of the Ohio and the Federal Constitutions.
R.C. 2967.191 governs the application of jail time credit and provides:
 "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." (Emphasis added.)
Furthermore, while R.C. 2967.191 provides that the Department of Rehabilitation and Correction grants the jail time credit, the trial court has the duty to properly calculate the number of days the defendant was confined for any reason. State v. Fair (2000), 136 Ohio App.3d 184,188. Moreover, this court in Fair stated that
 "regardless of whether the confinement is ordered as part of the original sentence or sometime thereafter upon the imposition of a more restrictive community control sanction, the confinement will be deemed to have arisen out of the offense for which the prisoner was convicted and sentenced."
In this case, Bocan argues that while he was given credit towards his twelve-month sentence for the time he was incarcerated in the county jail, he was not given credit for the time he spent in state prison. Conversely, the state argues that the trial court was properly calculating and crediting only the time Bocan spent in the Crawford County Jail and that the Department of Rehabilitation would credit the time Bocan spent in prison. However, Bocan's confinement in the Lorain and Marion Correctional Institutions was ordered as part of the original sentence for Receiving Stolen Property. Therefore, the trial court was obligated to calculate the total number of days that the prisoner wasconfined, which include the days Bocan spent in the correctional institutions so that the Department of Rehabilitation and Correction could properly apply the credits. See State v. Kerry (July 20, 2001), Belmont App. No. 00BA 20 (ordering credit for time served in a correctional facility on original sentence when re-sentenced on probation violation). Accordingly, Appellant's assignment of error is sustained.
Based on the foregoing, the judgment of the trial court is reversed and remanded in order for the trial court to credit Bocan with the appropriate prior time in confinement as stated in this opinion.
Judgment reversed and cause remanded.
BRYANT and HADLEY, JJ., concur.
[1] At some point before the judicial release hearing, Bocan was transferred to the Marion Correctional institution.