OPINION
{¶ 1} Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5). Defendant-appellant Peter R. Erlandsen ("Erlandsen") appeals from the judgment of the Court of Common Pleas of Allen County granting him credit for eight days of time served in jail.
 {¶ 2} On January 24, 2001, Erlandsen was taken into custody. He was then arraigned on January 29, 2001, on the charge of passing bad checks and entered a plea of not guilty. On February 1, 2001, Erlandsen withdrew his not guilty plea and entered a plea of guilty. A sentencing hearing was held on March 14, 2001. Erlandsen was sentenced to 11 months in prison. The trial court did not grant credit for the time spent in custody. Erlandsen then moved the trial court to grant jail time credit, but this was denied by the trial court on November 8, 2001. Erlandsen then filed a timely appeal from this decision. On January 30, 2002, the trial court entered a nunc pro tunc entry granting Erlandsen eight days of jail time credit.[1] This court then sustained Erlandsen's assignment of error and on April 10, 2002, remanded the case for calculation of time served. On April 26, 2002, the trial court entered a judgment stating that it had already calculated the time served as eight days and granting credit for that amount of time. Erlandsen raises one assignment of error from that judgment.
 {¶ 3} "The trial court erred in failing to properly calculate the number of days of jail time credit due [Erlandsen] for time spent in jail awaiting trial and commitment which arose out of the offense for which [Erlandsen] was convicted and sentenced."
 {¶ 4} This court notes that the State has chosen not to file a brief. "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).
 {¶ 5} R.C. 2967.191 addresses the issue of reduction of prison term for related days of confinement.
 {¶ 6} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * * and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." R.C. 2967.191.
 {¶ 7} Credit must be granted for all time served in confinement.State v. Fair (2000), 136 Ohio App.3d 184, 736 N.E.2d 82. Although the statute requires the Department of Rehabilitation and Correction to reduce the sentence, the trial court has the duty to properly calculate the number of days to be credited. Id.
 {¶ 8} In this case, the trial court gave credit for time served between February 26, 2001, and March 6, 2001. However, the facts of this case, as set forth in Erlandsen's brief and the record, indicate that Erlandsen was arrested on January 24, 2001, on this charge and was arraigned on January 29, 2001. After the arraignment, the trial court returned him to Hancock County to finish a prior sentence. However, for those five days, Erlandsen was in the custody of Allen County solely on the indictment for which he was arraigned. Thus, Erlandsen is entitled to time served for that time as well. Additionally, Erlandsen was incarcerated from the time of sentencing until the time he was transported to prison. According to the statute, Erlandsen is entitled to credit for that time as well. Thus, the trial court erred in its calculation of credit for jail time served. The assignment of error is sustained.
 {¶ 9} The judgment of the Court of Common Pleas of Allen County is reversed and the matter is remanded for recalculation of credit for time served.
Judgment reversed.
HADLEY and WALTERS, JJ., concur.
[1] The nunc pro tunc entry was void ab initio as the trial court no longer has jurisdiction to enter any judgment in a case once an appeal has been taken.