THE STATE OF OHIO, APPELLEE, *v.* HOUSLEY, APPELLANT.

[Cite as *State v. Housley,* 103 Ohio St.3d 133, 2004-Ohio-4780.]

(Nos. 2003–1084 and 2003–1486—Submitted July 20, 2004—Decided September 22, 2004.)

{¶ 1} The judgment of the court of appeals is reversed on the authority of *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, and the causes remanded to the trial court.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and O'CONNOR, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

LUNDBERG STRATTON, J., dissenting.

{¶ 2} I continue to disagree with the majority's holding that R.C. 2929.15(B) and 2929.19(B)(5) require the trial court to notify the offender of the *specific* prison term that may be imposed for a violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a later violation. Therefore, I continue to dissent from the application of that holding consistent with my dissenting opinion in *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837.

O'DONNELL, J., concurs in the foregoing dissenting opinion.

Donald W. White, Clermont County Prosecuting Attorney, and David Henry Hoffmann, Assistant Prosecuting Attorney, for appellee.

R. Daniel Hannon, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.