[Cite as *State v. Golden*, 2016-Ohio-7525.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                              Court of Appeals Nos. L-15-1283
                                                                                        L-15-1287
        Appellee

                                          Trial Court No. CR0201302361

v.

Sherman Golden                                        **DECISION AND JUDGMENT**

        Appellant                                  Decided:  October 28, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Veronica M. Murphy, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Sherman Golden, appeals the January 22, 2015 judgment of the Lucas County Court of Common Pleas which following his admission to a community control violation, sentenced him to three years in prison for his conviction for having a weapon while under a disability.  Appellant also appeals the trial court's denial of his motion for jail-time credit.   For the reason set forth herein, we affirm.

{¶ 2} The history of this case is as follows. Appellant was initially indicted on May 9, 2013, and charged with having a weapon while under a disability, R.C. 2923.13(A)(2), a third-degree felony. The indictment was dismissed and on August 12, 2013, appellant was recharged in the instant matter.

{¶ 3} During the course of the dismissed and current proceedings, appellant was represented by four different attorneys. According to appellate counsel, in the dismissed matter appellant had retained counsel. Counsel was appointed in this matter and less than one month later, counsel requested leave to withdraw and the second counsel was appointed. Subsequent counsel filed a motion to suppress and a motion for transcription of an earlier hearing. On October 29, 2014, appellant, pro se, filed a motion to dismiss the indictment or removal of his attorney; he also requested a change of venue.

{¶ 4} On October 30, 2014, appellant was appointed a third attorney and his motion to dismiss was denied. Counsel filed a motion to suppress. On December 11, 2014, appellant withdrew the motion and entered a guilty plea to having a weapon while under a disability, the sole count in the indictment. Appellant was sentenced to community control which was revoked on January 21, 2015; a three-year imprisonment term was then imposed. He was given credit for 213 days of incarceration.

{¶ 5} On September 24, 2015, appellant filed a pro se motion for jail-time credit requesting he be awarded an additional 118 days. Specifically, appellant claimed that he was not given credit for the time from April 26, 2013 through August 21, 2013, when he was held in the Lucas County Jail. On September 30, 2015, the trial court denied the motion.

2.

{¶ 6} Two appeals were commenced in this court, a delayed direct appeal of appellant's conviction and sentence and an appeal, pro se, of the denial of appellant's motion for jail time credit. The appeals were consolidated and appointed counsel filed a single brief in the matter. In her brief, under procedures announced in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel indicates that she has thoroughly examined the record, discussed the case with appellant, and is unable to find meritorious grounds for appeal. Following *Anders* procedure, appellate counsel filed a brief setting forth potential grounds for appeal and also filed a request to withdraw as counsel.

{¶ 7} Counsel notified appellant of her inability to find meritorious grounds for appeal and provided appellant with copies of both the *Anders* brief and her motion to withdraw. Counsel advised appellant of his right to file his own appellate brief. Appellant has not filed an additional brief.

{¶ 8} In her *Anders* brief, counsel has asserted two potential assignments of error:

Potential First Assignment of Error: Ineffective Assistance of Counsel

Potential Second Assignment of Error: Sentencing

{¶ 9} In appellant's counsel's first potential assignment of error she notes that appellant's multiple attorneys filed various pretrial motions and his final attorney was able to effectuate a plea deal with the state which resulted in a community control sentence for a third-degree felony. Further, counsel aided in arranging treatment for appellant's mental health and substance abuse issues.

3.

{¶ 10} To establish ineffective assistance of counsel, an appellant must demonstrate "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. When, however, a defendant enters a guilty plea or no contest plea, he waives the right to claim that he was prejudiced by constitutionally ineffective counsel, unless the conduct complained of is shown to have prevented the defendant from making a knowing and voluntary plea. *State v. Barnett*, 73 Ohio App.3d 244, 248-249, 596 N.E.2d 1101 (2d Dist.1991).

{¶ 11} Reviewing the record of the proceedings below, we find that appellant's counsel represented him vigorously and was able to secure a non-prison sanction with treatment. At the plea hearing, appellant indicated that he was satisfied with counsel's representation. Accordingly, we reject appellant's counsel's first potential assignment of error.

{¶ 12} In appellant's counsel's second potential assignment of error, she incorporates appellant's argument that the court miscalculated his jail-time credit. We first note that appellant's appeal of the court's denial of his motion was from a final and appealable order because the court's alleged error was clerical in nature. *See State v. McLain*, 6th Dist. Lucas No. L-07-1164, 2008-Ohio-481.

4.

{¶ 13} R.C. 2967.191 provides that the department of rehabilitation and correction must reduce the stated prison term of a prisoner by the "total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *." A trial court is charged with calculating the number of days to be credited. *See State v. Fair*, 136 Ohio App.3d 184, 736 N.E.2d 82 (3d Dist.2000). However, it is a defendant's burden to show the error in a trial court's calculation of jail-time credit. *State v. Smith*, 10th Dist. Franklin Nos. 15AP-209, 15AP-214, 2015-Ohio-4465, ¶ 13, citing *State v. Britton*, 3d Dist. Defiance No. 4-12-13, 2013-Ohio-1008, ¶ 16.

{¶ 14} Appellant filed this motion, pro se, and it was denied in the trial court. Appellant contends that because he was incarcerated from April 26, 2013 through August 21, 2013, the total number of days should be 331, not 213. Counsel asserts, however, that appellant could not have been incarcerated on the days he claims because it includes the date, April 30, 2013, when he was caught possessing a firearm.

{¶ 15} Reviewing the record before us, we find no evidence that the trial court erred in its calculation of appellant's jail credit. First, as counsel correctly states and appellant admitted during his plea hearing, the offense at issue took place on April 30, 2013, thus, appellant could not have been incarcerated on that date. Further, the first indictment was dismissed on June 10, 2013, and appellant was re-indicted on August 12, 2013. Accordingly, appellant's counsel's second potential assignment of error is not well-taken.

5.

**{¶ 16}** Upon our own independent review of the record as required by *Anders*, we find no other grounds for a meritorious appeal.  This appeal is, therefore, found to be without merit and is wholly frivolous.  Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.  The judgments of the Lucas County Court of Common Pleas are affirmed.  Further, appellant's pro se motion for judicial notice is moot and not well-taken.  Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.  The clerk is ordered to serve all parties with notice of this decision.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                            _____
                                                        JUDGE

Thomas J. Osowik, J.

                                    _____
James D. Jensen, P.J.                                          JUDGE
CONCUR.

                                    _____
                                                         JUDGE