[Cite as *State v. Whited*, 2019-Ohio-18.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-04-079 |
| | : | O P I N I O N |
| - vs - | | 1/7/2019 |
| | : | |
| CHARLES A. WHITED, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2014-02-0243


Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Krista M. Gieske, 810 Sycamore Street, 3rd Floor, Cincinnati, Ohio 45202, for appellant


**HENDRICKSON, P.J.**

{¶ 1}   Appellant, Charles A. Whited, appeals from the revocation of his community control, arguing the Butler County Court of Common Pleas erred by only awarding him 28 days of jail-time credit.  For the reasons set forth below, we reverse the trial court's judgment to the extent it failed to properly award jail-time credit and remand the matter for the recalculation of said credit.

{¶ 2}   On February 19, 2014, appellant was indicted on three counts of trafficking in

drugs in violation of R.C. 2925.03(A)(1) and one count of deception to obtain a dangerous drug in violation of R.C. 2925.22. He was arrested on February 24, 2014 and was released on bond on February 27, 2014. Appellant pled guilty to two counts of trafficking in drugs, felonies of the fourth degree and, on June 4, 2014, was sentenced to five years of community control. At sentencing, appellant was advised that a violation of his community control could result in a 36-month prison term, consisting of 18-month prison terms on each count, served consecutively.

{¶ 3} In February 2015, appellant's probation officer filed a notice that appellant violated his community control by failing to report to his supervising officer. Appellant had not seen his probation officer since October 22, 2014. Upon the filing of this notice, the trial court issued a warrant for appellant's arrest. Appellant was apprehended January 7, 2016.[1] Thereafter, the court found appellant violated his community control. On February 10, 2016, the trial court continued appellant's community control with the additional requirement that appellant successfully complete the Community Correctional Center ("CCC") program and recommended aftercare.

{¶ 4} In January 2017, appellant's probation officer filed a second notice that appellant had violated the terms of his community control. The notice alleged appellant had failed to appear for a scheduled appointment with probation and his whereabouts had been unknown until he was arrested on the violation on December 19, 2016.[2] The notice further alleged appellant failed a drug screen by testing positive for marijuana and appellant had been unsuccessfully discharged from a treatment program at Community Behavioral Health. The court ultimately found appellant had violated his community control. On January 11,

---

1. It is unclear from the record how long appellant remained jailed after being apprehended on January 7, 2016.

2. It is unclear from the record how long appellant remained jailed after being arrested for his second community control violation.

2017, the court continued appellant's community control but ordered appellant to serve 30 days in jail, with credit for seven days.

{¶ 5} On March 20, 2018, a third notice that appellant had violated the terms of his community control was filed. The notice alleged appellant failed to report to probation as ordered, admitted he would test positive for marijuana, failed to comply with a payment agreement, was unsuccessfully discharged from treatment at Community Behavioral Health, and had failed to re-engage in treatment as recommended. The court found appellant violated his community control, and on April 11, 2018, the court revoked appellant's community control. The court ordered appellant to serve 180 days in prison on each underlying trafficking in drugs conviction and ordered that the prison terms be served consecutively for an aggregate of 360 days. The trial court gave appellant 28 days of jail-time credit for the time he spent in jail from his March 15, 2018 arrest on the third community control violation until he was sentenced on April 11, 2018. The court expressly denied appellant's request to receive jail-time credit for time appellant spent at CCC after his first community control violation, stating that the 360-day sentence imposed was "a sanction under House Rule 49[.] * * * It's not really a prison sentence; it's a sanction even though he is going to prison. So I don't think that he gets credit towards that 360-day sentence."

{¶ 6} Appellant timely appealed his sentence, raising the following as his sole assignment of error:

{¶ 7} THE TRIAL COURT ERRED WHEN IT FAILED TO PROPERLY CALCULATE THE CORRECT NUMBER OF DAYS OF JAIL-TIME CREDIT TO WHICH [APPELLANT] WAS ENTITLED AND IN FAILING TO INCORPORATE SAID DAYS INTO ITS SENTENCING ENTRY.

{¶ 8} In his sole assignment of error, appellant argues the trial court erred by failing to award him jail-time credit for all the time he spent in confinement as required by R.C.

- 3 -

2967.191. Appellant contends that (1) time he spent incarcerated when he was first indicted in February 2014, (2) time he spent incarcerated for a "pretrial services violation" in June 2014, (3) time he spent incarcerated after being arrested for his first, second, and third community control violations, (4) time he spent in jail as a sentence for said violations, and (5) time he spent at CCC after committing his first and second violations should all be awarded as jail-time credit against his 360-day prison term.[3] Appellant contends that, at a minimum, he is entitled to an additional 98 days of jail-time credit for the time he spent in confinement.

{¶ 9} The state, however, disputes that appellant is entitled to additional jail-time credit, contending that the trial court "retains inherent authority as to the awarding [sic] of jail time credit, specifically in regard to community control sanctions" in accordance with R.C. 2929.15(B)(3). The state further contends that the issue of jail-time credit is moot, as appellant was released from prison on June 20, 2018.

{¶ 10} We begin our analysis by addressing the state's argument that the issue of jail-time credit is moot. The Ohio Supreme Court has determined that once an offender has completed his prison sentence, any alleged error relating to the calculation of jail-time credit becomes moot as there is no longer an existing case or controversy. *State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, ¶ 5, citing *State ex rel. Gordon v. Murphy*, 112

---

3. **{¶ a}** Appellant contends he was incarcerated for a "pretrial services violation" sometime in June 2014, and he spent 19 days in jail for this violation. The record indicates that on June 20, 2014 and June 24, 2014, respectively, appellant filed a Motion for Early Release and a Motion in Mitigation of Sentence for Early Release, in which he indicated he had been sanctioned 60 days for testing positive for marijuana prior to being sentenced to community control on his convictions for trafficking in drugs. The record indicates appellant's motion for early release was granted on June 26, 2014. However, the record fails to set forth when appellant was initially jailed for the "pretrial services violation."

**{¶ b}** The record also fails to demonstrate how long appellant spent at CCC. The record merely indicates that after appellant violated his community control the first time, he obtained some treatment from Community Behavioral Health before being discharged unsuccessfully on December 5, 2016. He again obtained some treatment at Community Behavioral Health after violating his community control a second time, but was once again unsuccessfully discharged on December 18, 2017.

- 4 -

Ohio St.3d 329, 2006-Ohio-6572, ¶ 6; and *Crase v. Bradshaw*, 108 Ohio St.3d 212, 2006-Ohio-663, ¶ 5 ("appeal is moot because his sentence has now expired and he has been released from prison"). This court has consistently applied the mootness doctrine to the issue of jail-time credit, recognizing that once a defendant has completed a stated prison term, there is no relief that can be provided to the defendant on appeal even if the trial court had erred in the calculation of jail-time credit. *See State v. Williams*, 12th Dist. Butler Nos. CA2018-01-012 and CA2018-01-013, 2018-Ohio-3989, ¶ 11-14; *State v. Rhymer*, 12th Dist. Butler No. CA2018-01-014, 2018-Ohio-2669, ¶ 8-11; *State v. Hiler*, 12th Dist. Butler No. CA2015-05-084, 2015-Ohio-5200, ¶ 20-21. We have determined that the fact that a defendant was placed on postrelease control following his release from prison does not prevent application of the mootness doctrine, as any jail-time credit the defendant was entitled to receive for the underlying offense would not reduce the length of the prison term that could be imposed for a violation of postrelease control. *See State v. Burns*, 12th Dist. Clermont No. CA2018-03-015, 2018-Ohio-4657, ¶ 22.

{¶ 11} In the present case, appellant was sentenced to a 360-day prison term on April 11, 2018, with 28 days of credit. Although appellant's stated prison term does not expire until March 9, 2019, records from the Ohio Department of Rehabilitation and Correction indicate appellant was released from prison on June 20, 2018, placed on "DP&CS transitional control/treatment transfer," and is scheduled to remain supervised for a period of one year.[4]

{¶ 12} R.C. 2967.26 governs transitional control programs and provides that the Division of Parole and Community Services of the Department of Rehabilitation and Correction may transfer eligible prisoners to transitional control status for the purpose of

---

4. As this court has done previously, we take judicial notice of the Ohio Department of Rehabilitation and Correction's website of the date appellant was released from prison. *See State v. Rhymer*, 12th Dist. Butler No. CA2018-01-014, 2018-Ohio-2669, ¶ 9, fn. 2; *State v. Barnes*, 12th Dist. Warren No. CA2015-01-005, 2015-Ohio-3523, ¶ 9, fn. 1. *See also State v. Bennett*, 2d Dist. Greene No. 2014-CA-60, 2015-Ohio-2779, ¶ 5, fn. 1; *State v. Draper*, 3d Dist. Putnam No. 12-10-07, 2011-Ohio-773, ¶ 9, fn. 1.

closely monitoring the prisoner's adjustment to community supervision during the final 180 days of the prisoner's sentence. R.C. 2967.26(A)(1). "A person who is under transitional control or who is under any form of authorized release under the supervision of the adult parole authority is considered to be in custody while under the transitional control or on release * * *." R.C. 2967.15(C)(2). *See also* Ohio Adm.Code 5120-12-01(C) ("A prisoner placed into the transitional control program shall retain the status of inmate"). Prisoners placed on transitional control are expected to follow the rules established by the Department of Rehabilitation and Correction and the failure to do so could result in the prisoner being returned to prison. Pursuant to R.C. 2967.26(F), if returned to prison, "the prisoner shall receive credit towards completing the prisoner's sentence for the time spent under transitional control."

{¶ 13} Given that appellant is considered to be "in custody" while on transitional control and is subject to a return to prison for a violation of his transitional control, we find that the issue of jail-time credit remains a live controversy subject to our review. The state's argument that the issue is moot is therefore without merit.

{¶ 14} Turning to the issue of jail-time credit, we begin our analysis by noting that "[a]lthough the [department of rehabilitation and corrections] has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7. Any error the trial court makes in this determination may be raised on direct appeal. *Id.* at ¶ 10. "[A] trial court's failure to properly calculate an offender's jail-time credit and to include the amount of jail-time credit in the body of the offender's judgment amounts to plain error." *State v. Edmonds*, 12th Dist. Warren No. CA2014-03-045, 2015-Ohio-2733, ¶ 9.

{¶ 15} When sentencing an offender for a felony, unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a trial court has the discretion to impose any sanction or combination of sanctions on the offender as provided in R.C. 2929.14 to 2929.18. *See* R.C. 2929.13(A). In particular, R.C. 2929.15(A)(1) provides that "in sentencing an offender for a felony * * * the court may directly impose a sentence that consists of one or more community control sanctions * * *."

{¶ 16} A "community control sanction" is defined by R.C. 2929.01(E) as "a sanction that is not a prison term" and is described in sections R.C. 2929.15 (community control), 2929.16 (residential sanctions), 2929.17 (nonresidential sanctions), and 2929.18 (financial sanctions). A residential sanction that may be imposed pursuant to R.C. 2929.16 includes a term of up to six months in a community-based-correctional facility or jail. R.C. 2929.16(A)(1) and (2). "The duration of all community control sanctions imposed upon an offender * * * shall not exceed five years." R.C. 2929.15(A)(1).

{¶ 17} R.C. 2929.15(B) sets forth the penalties a trial court may impose upon an offender for violating the terms of community control. The court may impose (1) a longer time under the same sanction, as long as the total time under the sanction does not exceed the five-year limitation, (2) a more restrictive sanction, including a new term in a community-based correctional facility, halfway house, or jail, or (3) a prison term. R.C. 2929.15(B)(1)(a)-(c). With respect to the latter, amended R.C. 2929.15(B) provides as follows:

> (B)(1) If the conditions of a community control sanction are violated * * * the sentencing court may impose upon the violator one or more of the following penalties:
>
> * * *
>
> (c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

(i)  If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

(ii)  If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed one hundred eighty days.

R.C. 2929.15(B)(1)(c)(i)-(ii).[5]

{¶ 18}  The prison term that is imposed on a violator pursuant to R.C. 2929.15(B)(1) must be within the range of the prison terms available for the offense for which the sanction that was violated was imposed and cannot exceed the prison term specified in the notice provided to the offender at the time of the original sentencing hearing, pursuant to R.C. 2929.19(B)(2).  See R.C. 2929.15(B)(3).  Finally, the portion of R.C. 2929.15(B)(3) at issue in the present appeal, provides that "[t]he court *may reduce* the longer period of time that the offender is required to spend under the longer sanction, the more restrictive sanction, or a prison term imposed pursuant to division (B)(1) of this section *by the time the offender successfully spent under the sanction that was initially imposed.*"  (Emphasis added.)  The state argues that this provision makes credit for the time served in jail or a community-based correctional facility discretionary where it is imposed as a community control sanction.  In support of its position, the state cites to this court's decision in *State v. Dunaway*, 12th Dist. Clermont No. CA2001-04-048, 2002-Ohio-2316.

{¶ 19}  Appellant, however, argues that R.C. 2967.191 governs the reduction of a prison term for prior confinement and contains mandatory language, providing as follows:

5.  R.C. 2929.15 was amended by House Bill 49, which took effect on September 29, 2017.

The department of rehabilitation and correction *shall reduce* the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by *the total number of days that the prisoner was confined for any reason arising out of the offense* for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

(Emphasis added.)[6]

{¶ 20} A number of courts have examined the language set forth in R.C. 2967.191 and R.C. 2929.15(B)(3) and concluded that R.C. 2929.15(B)(3) does not affect the mandatory requirement that credit be given for all time served in confinement. *See, e.g.,*

---

6.  {¶ a} We further note that R.C. 2949.08(C) contains language similar to that in R.C. 2967.191, specifying that an offender is entitled to a reduction in his or her sentence "by the total number of days the person was confined *for any reason arising out of the offense* for which the person was convicted and sentenced." Specifically, R.C. 2949.08(C) provides as follows:

> {¶ b} (1) If the person is sentenced to a jail for a felony or misdemeanor, the jailer in charge of the jail shall reduce the sentence of a person delivered into the jailer's custody pursuant to division (A) of this section by the total number of days the person was confined *for any reason arising out of the offense* for which the person was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the person's competence to stand trial or to determine sanity, confinement while awaiting transportation to the place where the person is to serve the sentence, and confinement in a juvenile facility.

> {¶ c} (2) If the person is sentenced to a community-based correctional facility for a felony, the total amount of time that a person shall be confined in a community-based correctional facility, in a jail, and *for any reason arising out of the offense* for which the person was convicted and sentenced prior to delivery to the jailor, administrator, or keeper shall not exceed the maximum prison term available for that offense. * * *

{¶ d} (Emphasis added.) R.C. 2949.08(C)(1)-(2).

*State v. Farner*, 5th Dist. Ashland No. 2011-COA-025, 2012-Ohio-317, ¶ 10-20; *State v. Brody*, 11th Dist. Lake No. 2000-L-018, 2001 Ohio App. LEXIS 493, *5-11 (Feb. 9, 2001); *State v. Fair*, 136 Ohio App.3d 184, 186-188 (3d Dist.2000); *State v. Hines*, 131 Ohio App.3d 118, 121-124 (3d Dist.1999). With respect to the alleged conflict between the two statutes, the courts have found that the mandatory and specific provision of R.C. 2967.191 prevails over the apparent discretion afforded in R.C. 2929.15(B)(3) regarding credit for prior confinement in imposing a prison sentence. *Hines* at 121; *Brody* at *6. The language set forth in R.C. 2929.15(B)(3) "'does not modify the right to credit for time served'" under R.C. 2967.191. *Farner* at ¶ 20, citing *State v. Peters*, 5th Dist. Licking Nos. 98-CA-00118 and 98-CA-00119, 1999 Ohio App. LEXIS 2225, *5 (May 13, 1999).

{¶ 21} As the Third District explained when looking at R.C. 2967.191 and R.C. 2929.15(B)(3), the statutes "work together." *Fair*, 136 Ohio App.3d at 187.

> R.C. 2929.15(B) provides that if there has been a community control violation, and the trial court imposes a longer sanction, a more restrictive sanction, or a prison term, the court may, in its discretion, grant additional credit for time that the offender successfully spent under the original sanction. This provision * * * allows the trial court to grant credit in excess of time served in confinement; however, it does not affect the mandatory requirement that credit still must be granted for all time served in confinement. As it was prior to the enactment of R.C. 2929.15(B), time served by an offender in confinement is required to be credited against a subsequent prison term. R.C. 2967.191. *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064 (1983).

*Id.*

{¶ 22} We agree with the rationale expressed above.[7] Contrary to the state's

---

7. To the extent that a conflict does exist between R.C. 2967.191 and R.C. 2929.15(B)(3), we note the more specific language set forth in R.C. 2967.191 prevails. *See Hines*, 131 Ohio App.3d at 121. Furthermore, the rule of lenity, as codified in R.C. 2901.04(A), provides, in relevant part, that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." "The rule of lenity applies where there is an ambiguity in a statute, meaning two reasonable ways of reading the statute, or a conflict between statutes." *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 12.

assertion, R.C. 2929.15(B)(3) does not give the trial court the discretion to ignore the time appellant spent in confinement arising out of the offense for which the prisoner was convicted and sentenced, be it for time confined in a community-based correctional facility or time confined in jail between arrest/indictment and trial, between arrest for the community control violation and the violation hearing, or as a more restrictive community control sanction. "[R]egardless of whether the confinement is ordered as part of the original sentence or sometime thereafter upon the imposition of a more restrictive community control sanction, the confinement will be deemed to have '[arisen] out of the offense for which the prisoner was convicted and sentenced.'" *Fair* at 188. "[T]he crux of the issue is whether the offender was confined, not the date of the confinement in relation to the date of the original sentence." *Id.*

{¶ 23} In reaching this determination, we find it necessary to address our holding in *State v. Dunaway*, 2002-Ohio-2316. In 1999, the defendant in *Dunaway*, pled guilty to driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1), a felony of the fourth degree. *Id.* at ¶ 2. The defendant was sentenced to a "mandatory term of local incarceration of sixty consecutive days" and sentenced to the following community control sanction:

> [The defendant] shall be incarcerated in the Clermont County Jail for a period of six months, or until he is accepted into the [community based correctional facility ("CBCF")], whichever first occurs. If accepted into the CBCF, [the defendant] shall participate in and successfully complete all available programming * * * [the defendant] shall remain in the CBCF for a period of six months or until he has successfully completed all the programming, whichever first occurs. If not accepted into the CBCF, he shall be incarcerated in the Clermont County Jail for a period of twelve months.

*Id.* at ¶ 2-3.

{¶ 24} The defendant spent some time in jail before being placed into the CBCF on December 10, 1999. *Id.* at ¶ 4. He was released from the CBCF on May 3, 2000 and was

- 11 -

subject to intense supervision probation. *Id.* The defendant violated the terms of his community control and was sentenced to serve one year in jail. *Id.* at ¶ 5. The trial court reduced the defendant's sentence "by the time he previously spent in jail and by 60 days for being a 'worker' in the jail, but refused to give [him] credit for the 146 days he served at the CBCF." *Id.*

{¶ 25} The defendant challenged the court's calculation of jail-time credit on appeal, contending he was entitled to credit under R.C. 2967.191 for the time he spent in the CBCF as it constituted "confinement" that arose out of the offense for which he was convicted and sentenced. *Id.* at ¶ 13. We disagreed, noting that former R.C. 2929.13(G)(1) provided as follows:

> If an offender is being sentenced for a fourth degree felony OMVI [operating a motor vehicle while intoxicated] offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:
>
> (1) Except as provided in division (G)(2) of this section, the court shall impose upon the offender a mandatory term of local incarceration of sixty days * * *. *The court shall not sentence the offender to a prison term and shall not specify that the offender is to serve the mandatory term of local incarceration in prison.*

(Emphasis sic.) *Id.* at ¶ 11, citing former R.C. 2929.13(G)(1). We further noted that R.C. 2929.15(B) limited the prison term that could be imposed for an offender's violation of community control sanctions to a prison term that "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed." *Id.* at ¶ 12, citing R.C. 2929.15.

{¶ 26} After examining the foregoing statutory language, we found that the defendant's "reliance on R.C. 2967.191 and the case law [the defendant] cite[d], wherein community control violators were sentenced to prison and received credit for time served at a CBCF, [was] misplaced." *Id.* at ¶ 13. We noted that R.C. 2967.191 specifically governs a

reduction of a *prison term* for prior confinement. *Id.* As a first-time fourth-degree felony OVI offender, the defendant was excluded from being sentenced to a prison term under R.C. 2929.15(B). *Id.* We concluded that R.C. 2967.191 was not applicable to the defendant's situation and the mandatory language of R.C. 2967.191 did not prevail over the discretion afforded in R.C. 2929.15(B). *Id.* Therefore, relying on the discretionary "may" language of R.C. 2929.15(B), we stated, "[h]owever willing the legislature is to permit crediting of the CBCF time to subsequent sentences for time spent in a CBCF, it is still evidence that the plain language of * * * R.C. 2929.15(B) affords the sentencing court discretion with respect to reduction of a sentence for time served in a CBCF." *Id.* at ¶ 19.

{¶ 27} The circumstances of the present case differ significantly from those in *Dunaway*. Unlike the defendant in *Dunaway*, appellant was not convicted of an OVI offense and was therefore not subject to sentencing under R.C. 2929.13(G). Rather, for the two fourth-degree felony trafficking in drug convictions appellant was convicted of, he was subject to prison terms of between six and 18 months. *See* R.C. 2929.14(A)(4). Further, unlike the defendant in *Dunaway*, who was advised a violation of his community control would result in a sentence of "one year in jail," appellant was advised a violation of his community control would result in a prison sentence of 18 months on each offense, run consecutively. The circumstances of appellant's sentencing, therefore, aligns with those in *Hines*, *Fair,* and *Farner*. As such, we find that our holding in *Dunaway* is inapplicable to the case at hand. R.C. 2967.191 prevails over the apparent discretion afforded in R.C. 2929.15(B)(3), and appellant must be given jail-time credit for all confinement that arose out of the offense for which appellant was convicted and sentenced.

{¶ 28} The record in the present case fails to establish how much jail-time credit appellant is entitled to receive. Although the record clearly indicates appellant was in jail from February 24, 2014, after being indicted, until he was released on bond on February 27,

2014, and was in jail from March 15, 2018 until sentenced on April 11, 2018 for his third community control violation, the record does not indicate when appellant was released after being arrested on his first and second community control violations.[8] The record also does not indicate what credit, if any, appellant should be awarded for time he spent at CCC and Community Behavioral Health. The Ohio Supreme Court has held that "[a]ll time served in a community-based correctional facility constitutes confinement for purposes of R.C. 2967.191." *State v. Napier*, 93 Ohio St.3d 646 (2001), syllabus. However, time spent in a rehabilitation facility where the defendant's "freedom of movement was not so severely restrained" does not constitute confinement entitling the defendant to jail-time credit. *State v. Nagle*, 23 Ohio St.3d 185, 187 (1986). The record does not indicate the extent to which appellant's liberties, freedom of choices, and movement were restrained while at CCC or Community Behavioral Health. *See State v. Porter*, 12th Dist. Warren Nos. CA2017-07-101 and CA2017-07-103, 2018-Ohio-3852, ¶ 7. As such, a remand is necessary to allow the trial court to determine whether appellant's participation at CCC and Community Behavioral Health constituted "confinement" entitling him to jail-time credit. *See, e.g., State v. Housley*, 12th Dist. Clermont No. CA2002-07-060, 2003-Ohio-2223, ¶ 33-35, *rev'd on other grounds*, 103 Ohio St.3d 133, 2004-Ohio-4780.

{¶ 29} Accordingly, for the reasons stated above, we sustain appellant's sole assignment of error and reverse the judgment of the trial court to the extent it failed to properly award jail-time credit under R.C. 2967.191. On remand, the trial court shall determine the amount of time appellant "was confined for any reason arising out of the

---

8. Appellant's appellate counsel has set forth a table of dates when appellant was jailed throughout the pendency of his case. Counsel has conceded the record does not clearly establish certain periods of time appellant was jailed or confined in CCC, and counsel has noted this uncertainty by placing question marks throughout the table. Counsel also indicated that in putting together the table, she used a copy of appellant's confinement record from the Butler County Jail. Counsel acknowledges that this document is not part of the record on appeal. As such, we cannot rely on certain dates set forth in counsel's table. Our review of the issue of jail-time credit is limited to the information contained in the record on appeal. *See* App.R. 9(A).

offense for which the prisoner was convicted and sentenced."[9]  In making this determination, the court may, if necessary, conduct a hearing to determine whether appellant's participation at CCC or Community Behavioral Health constituted "confinement" as contemplated by R.C. 2967.191.  *See, e.g., State v. Fattah*, 12th Dist. Butler CA2000-03-050, 2000 Ohio App. LEXIS 5234, *7-9 (Nov. 13, 2000) (finding it necessary to remand the matter to the trial court for a determination of whether the defendant's time in CCC constituted "confinement").

{¶ 30}   Judgment reversed and remanded.

RINGLAND and PIPER, JJ., concur.

---

9. We note that a defendant is "not entitled to jail time credit for any period of incarceration that arose from facts which are separate and apart from those on which his current sentence is based."  *State v. Haley*, 12th Dist. Butler No. CA2012-10-212, 2013-Ohio-4531, ¶ 21, citing *State v. DeMarco*, 8th Dist. Cuyahoga No. 96605, 2011-Ohio-5187, ¶ 10; and *State v. McWilliams*, 126 Ohio App.3d 398, 399 (2d Dist.1998).  In the present case, it does not appear from the record that any additional charges were filed against appellant while he was being held in jail on his first, second, and third community control violations.