[Cite as *State v. Roberts*, 2019-Ohio-4205.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-02-025 |
| | : | O P I N I O N |
| - vs - | | 10/14/2019 |
| | : | |
| WILLIE S. ROBERTS, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-05-0680


Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Rodriguez & Porter, Ltd., Paul W. Shonk, 5103 Pleasant Avenue, Fairfield, Ohio 45014, for appellant


**S. POWELL, J.**

{¶ 1}  Appellant, Willie S. Roberts, appeals the decision of the Butler County Court of Common Pleas sentencing him to serve 231 days in prison, with 141 days of jail-time credit, after he violated the conditions of his community control for a second time.  For the reasons outlined below, we reverse the trial court's decision and remand this matter for further proceedings.

{¶ 2} On November 9, 2016, Roberts pled guilty to one count of possession of cocaine in violation of R.C. 2925.11(A), a fifth-degree felony. Upon accepting Roberts' guilty plea, the trial court sentenced Roberts to five years of community control. Roberts was thereafter found to have violated the conditions of his community control on June 12, 2017 and again on January 30, 2019. Upon finding Roberts had violated the conditions of his community control for a second time, the trial court revoked Roberts' community control and sentenced Roberts to 231 days in prison with 141 days of jail-time credit.[1] Roberts now appeals the trial court's decision, raising the following single assignment of error for review.

{¶ 3} THE TRIAL COURT ERRED BY FAILING TO SENTENCE MR. ROBERTS TO TIME SERVED.

{¶ 4} In his single assignment of error, Roberts argues the trial court erred by sentencing him to serve 231 days in prison, with 141 days of jail-time credit, rather than to a maximum 90-day prison term subject to time already served. We agree.

{¶ 5} We review the trial court's sentencing decision for a community control violation under the standard set forth by R.C. 2953.08(G)(2). *State v. Ford*, 12th Dist. Clermont No. CA2018-07-052, 2019-Ohio-1196, ¶ 9; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, this court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range."

---

1. We note that the trial court stayed Roberts' sentence pending appeal.

*State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. This court may therefore "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 6} As noted above, the trial court, upon revoking community control, sentenced Roberts to serve 231 days in prison with 141 days of jail-time credit. Or, stated differently, a 90-day prison term. The record indicates the trial court imposed this sentence so that Roberts would, in effect, be sentenced to serve 90 days in prison in accordance with R.C. 2929.15(B)(1)(c)(i). Pursuant to that statute, if the trial court imposes a prison term as punishment for a defendant violating the conditions of his or her community control, such as the case here, the imposition of that prison term may be subject to a 90-day limitation. *State v. Baker*, 12th Dist. Clermont No. CA2018-06-042, 2019-Ohio-2280, ¶ 18. Specifically, R.C. 2929.15(B)(1)(c)(i) provides:

> If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

{¶ 7} As explained by the trial court at Roberts' revocation hearing, and as acknowledged by Roberts in his appellate brief, the parties do not dispute that Roberts' violations of the conditions of his community control were merely technical. As a result, pursuant to the 90-day limitation found in R.C. 2929.12(B)(1)(c)(i), the maximum prison sentence the trial court could impose was 90 days. However, as this court explained in *State v. Whited*, 12th Dist. Butler No. CA2018-04-079, 2019-Ohio-18, this 90-day limitation is also subject to a jail-time credit reduction for the confinement Roberts has already served. *Id.* at ¶ 22; *see, e.g., State v. Ingledue*, 2d Dist. Clark No. 2018-CA-47, 2019-Ohio-397, ¶

12, fn. 3 (appellant's total period of confinement for committing a technical violation of the terms of his community control would be limited to "ninety days, subject, of course, to credit for confinement already served"). This holds true "'regardless of whether the confinement is ordered as part of the original sentence or sometime thereafter upon the imposition of a more restrictive community control sanction[.]'" *Whited*, quoting *State v. Fair*, 136 Ohio App.3d 184, 188 (3d Dist.2000). This is because "the confinement will be deemed to have arisen out of the offense for which the prisoner was convicted and sentenced" in accordance with the jail-time credit statute, R.C. 2967.191. (Internal quotation marks and brackets deleted). *Id.*

{¶ 8} Because the trial court erred by sentencing Roberts to serve 231 days in prison, with 141 days of jail-time credit, rather than to a maximum 90 day prison term subject to credit for time already served as required by R.C. 2929.15(B)(1)(c)(i), R.C. 2967.191, and this court's decision in *Whited*, Roberts' single assignment of error is sustained, the trial court's sentencing decision is reversed, and this matter is remanded for resentencing according to law and consistent with this opinion.

{¶ 9} Judgment reversed and remanded.

HENDRICKSON, P.J., and RINGLAND, J., concur.